IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HORACIO QUINTANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS (EMPLOYMENT) |
| PEPSICO, INC, ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |
| ) | |
| ) | |

## JURISDICTION AND VENUE

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended and 42 U.S.C. § 1981.

2. This court has jurisdiction by virtue of 28 U.S.C §§ 1331, 1343 and 1367.

3. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

4. Plaintiff has fully complied with the procedural requirements of Title VII. He filed a charge of discrimination with the EEOC, received a right-to-sue letter from the EEOC, and is filing this lawsuit within 90 days of receipt of the right-to-sue letter.

## PARTIES

5. Plaintiff, HORACIO QUINTANA (hereinafter "QUINTANA" or "Plaintiff"), resides in Medinah, Illinois.

6. QUINTANA is Hispanic, of Mexican descent.

7. Since 1986, QUINTANA has been employed by the Defendant, PEPSICO, INC. (hereinafter "PEPSICO" or "Defendant").

8. QUINTANA works for PEPSICO's Frito-Lay division in Carol Stream, Illinois.

1

9. At all times herein mentioned, PEPSICO was and is a North Carolina corporation.

10. At all times herein mentioned, PEPSI has done business in Illinois.

11. PEPSICO is an employer subject to suit under Title VII in that Defendant is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

12. QUINTANA's current title is Facilities Operations Manager.

13. During his time at PEPSICO, QUINTANA has performed above and beyond his employer's legitimate expectations.

14. QUINTANA has applied for, or otherwise expressed interest in, multiple promotions.

15. PEPSICO has not promoted QUINTANA since 2005.

16. Other non-Hispanic individuals who are no more qualified than he have been promoted during this time.

17. In addition, PEPSICO has paid and is paying QUINTANA less money than he deserves based on his experience and qualifications.

18. PEPSICO has provided no justifiable reasons for its failure to promote him or for its failure to pay him what he deserves.

19. Any reasons that have been given (or may be given) are pretextual.

20. QUINTANA has not been promoted or paid what he deserves because he is Hispanic, of Mexican descent.

21. PEPSICO's actions, through its agents, have been intentional, reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to QUINTANA's rights.

22. As a direct and proximate result of PEPSICO's actions, QUINTANA has suffered and continues to suffer lost wages and benefits, lost earning potential, and emotional distress.

23. As a result of PEPSICO's actions, QUINTANA has had to hire an attorney to represent him in vindicating his rights.

## COUNT I: RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

24. QUINTANA re-alleges and incorporates all the above paragraphs as though fully set forth at this place.

25. Despite QUINTANA's qualifications and job performance, QUINTANA has been subjected to different terms and conditions of employment than non-Hispanic individuals because of his race and/or his national origin.

26. The reasons given by PEPSICO for their actions (and inaction) are false and are pretext for illegal discrimination.

27. Similarly situated non-Hispanic employees were not subjected to the same terms and conditions of employment as QUINTANA in that they have been promoted and/or have been paid what they deserve.

28. PEPSICO's discrimination against QUINTANA has been intentional and has been based on his race and/or national origin.

29. PEPSICO's actions, as described above, violate Title VII in that PEPSICO has acted and continues to act to discriminate against QUINTANA in the terms and conditions of his employment because of his race and/or national origin.

WHEREFORE, plaintiff requests that he be awarded:

1) Back pay including wages, salary and fringe benefits through the date of trial.
2) Compensatory damages for future loss, emotional distress, pain and suffering, inconvenience, mental anguish & loss of enjoyment of life;

3) Attorneys' fees, costs, litigation expenses, and pre-judgment interest; and
4) Punitive damages.

## **COUNT II: RACE/NATIONAL ORIGINAL DISCRIMINATION IN VIOLATION OF SECTION 1981**

30. QUINTANA realleges and incorporates all the above paragraphs as though fully set forth at this place.

31. PEPSICO has failed to promote QUINTANA or pay him what he deserves because of his race and/or national origin.

32. QUINTANA has been treated differently than other similarly-situated persons who are not Hispanic, of Mexican descent.

33. PEPSICO has violated and continues to violate Section 1981 in that it has denied QUINTANA the ability to make and enforce contracts, or to enjoy the fruits of a contractual relationship, because of intentional race and/or national origin discrimination.

34. PEPSICO has engaged and continues to engage in intentional discrimination and has done so with malice or reckless indifference to QUINTANA's federally protected rights.

WHEREFORE, plaintiff requests that he be awarded:

1) Back pay, including wages, salary and fringe benefits to the date of trial;
2) Compensatory damages for future loss, emotional distress, pain & suffering, inconvenience, mental anguish & loss of enjoyment of life;
3) Attorneys' fees, costs, litigation expenses, and pre-judgment interest; and
4) Punitive damages.

s/ Julie O. Herrera
Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812

4

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

<u>s/ Julie O. Herrera</u>
Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812